UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS

In re:  
John P. Sisk  
Tanya L. Sisk  
Debtors

Case Number 10-13320

A Chapter 13 Proceeding

## MOTION TO LIFT STAY OF ACTIONS
Against Property and Co-Debtor

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

Movant, Randolph Brooks Federal Credit Union, complains of Debtors and a non-filing co-debtor, Capital Transfer & Storage, LLC, and for cause of action alleges:

I.

Debtors filed a Petition in the Bankruptcy Court, and an Order for relief was entered.

II.

Movant was listed as an unsecured creditor in the schedules filed by Debtors. However, Movant is both an unsecured creditor and secured creditor in the above styled and numbered bankruptcy proceeding.

Movant possesses a security interest in a 1999 Ford, VIN 3FENF80Z1XMA21407 as evidenced by Loan Agreement, Security Agreement, and Disclosure Statement dated May 29, 2008. Movant also possesses a security interest in a 2000 Ford, VIN 1FBSS31S2YHB41772, as evidenced by a Loan Agreement, Security Agreement, and Disclosure Statement dated May 29, 2008. Movant's security interest in each vehicle is perfected as evidenced by Certificates of Title issued by the State of Texas. Movant perfected its interests pursuant to Article 9 of the Texas Business and Commerce Code and the Texas Transportation Code Chapter 501: Certificate of Title Act. Proofs of Claim with copies of the loans and security agreements have been filed in this cause previously and are incorporated herein by reference.

The Loan Agreements (hereinafter referred to as "Contracts") called for monthly payments to be made to Movant for the obligations secured by the 1999 Ford, VIN 3FENF80Z1XMA21407, and the 2000 Ford, VIN 1FBSS31S2YHB41772 (hereinafter referred to as "Collateral").

It appears, according to Debtors' Statement of Financial Affairs No. 18, that Capital Transfer & Storage LLC, non-filing Co-Debtor, ceased operations in February 2009. Ownership of assets of Capital Transfer & Storage, LLC, including the Collateral described herein, is unknown. Titles to the Collateral are in the name of Capital Transfer & Storage, LLC only. However, Movant is unaware whether Debtors claim ownership of the Collateral by virtue of the presumed collapse of Capital Transfer & Storage LLC. Therefore, Movant is not able to ascertain whether the Collateral is property of the bankruptcy estate.

III.

The insurance coverage on the Collateral may have expired leaving Movant with inadequate protection. Movant requests, herein, that Debtors provide proof of insurance coverage of the Collateral to Movant.

In addition, the payments have not been made to Movant as provided in the contracts. As of January 31, 2011, the payment for the 1999 Ford is past due eighteen (18) months from August 15, 2009 through January 15, 2011 in the amount of $243.83 each month plus applicable late charges and the payment for the 2000 Ford is past due eighteen (18) months from August 15, 2009 through January 15, 2011 in the amount of $219.45 each month plus applicable late charges.

Further, Movant was notified that the Collateral is in possession of a third party, All Points Investment Inc. d/b/a All Points Moving & Storage, by and through its Attorney, Duke Keller Jr., Weycer, Kaplan, Pulaski, & Zuber, P.C., Eleven Greenway Plaza, Ste. 1400, Houston TX 77045. Movant would assert no other party but Movant has a properly perfected security interest in the motor vehicles (Collateral) and therefore no other party has priority over Movant's security interests; any other creditor's interests, whether they be secured or not, are subordinate to Movant's security interests in the Collateral. Movant herein requests that the Collateral be surrendered by the third party currently holding the vehicles.

And, pursuant to the terms of the contracts, Debtors and non-filing Co-Debtor agreed not to sell, lease, or give the Collateral to anyone else. The parties further agreed

that Debtors and non-filing Co-Debtor promised to defend the Collateral from third party claims.

Movant, a perfected secured creditor herein has been hindered from enforcing its security interests and liens by the Debtors, non-filing Co-Debtor, and third party.

IV.

Movant does not have a formal appraisal of the Collateral at this time. However, from the information available to Movant at this time, there appears to be little or no equity in the Collateral.

V.

Upon default of the terms of the two secured contracts, Movant would be entitled to regain possession of the Collateral and dispose of the Collateral at a reasonable, commercial sale but for the Petition in Bankruptcy filed by Debtors. Movant should be allowed by this Court to take possession of the Collateral: 1999 Ford, VIN 3FEN80Z1XMA2140, and 2000 Ford, VIN 1FBSS312YHB41772, dispose of each vehicle in a reasonable manner according to law and the parties' contracts, and file its amended claims giving Debtors credit for the net proceeds of such sales.

PRAYER

WHEREFORE, Movant prays for an order in conformity with the foregoing pleadings relieving it from the stay of actions against the Debtors and non-filing co-debtor, Capital Transfer & Storage LLC; ordering such parties and the current party in possession, All Points Moving & Storage, to surrender to Movant possession of the Collateral; allowing for the sale of said Collateral and the subsequent amendments of Movant's claims; granting Movant costs and expenses incurred herein in prosecuting this Motion, including attorney's fees; and granting such other, further, or different relief as the Court may deem just and proper.

Respectfully Submitted,

WEAVER LAW OFFICE
William P. Weaver Jr., SBN 21017400
Vanessa DeLeon Guerrero, SBN 240407488
Attorneys for Movant
512 Heimer Rd.
San Antonio, TX 78232
(210) 495-1400
(210) 495-5864 fax

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing pleading was served via electronic means as listed on the Court's ECF noticing system or by regular first class mail on the parties in interest listed hereafter:

John P. Sisk, Debtors
Tanya L. Sisk
100 Cotton Gin
Kyle, TX 78640

Eddie Cantu, Attorney for Debtors
4833 Spicewood Springs Rd. Ste 200
Austin TX 78759

Capital Transfer & Storage LLC, non-filing Co-Debtor
3815-A Jarrett Way, Ste. 180
Austin TX 78728

Deborah B. Langehennig, Trustee
Barton Creek Plaza, Ste. 320
3801 Capital of Texas Hwy. South
Austin TX 78704;

The United States Trustee
903 San Jacinto Blvd, Ste. 320
Austin TX 78701-2450

Duke Keller Jr., Attorney for All Points Investment Inc. d/b/a All Points Moving & Storage (third party)
Weycer, Kaplan, Pulaski, & Zuber, P.C.
Eleven Greenway Plaza, Ste. 1400
Houston TX 77045

Date: 2/16/11

William P. Weaver Jr.
Vanessa DeLeon Guerrero
Attorneys for Movant

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS

In re:                                              Case Number 10-13320
John P. Sisk
Tanya L. Sisk
Debtor(s)                                           A Chapter 13 Proceeding

AFFIDAVIT IN SUPPORT OF MOTION TO LIFT STAY OF ACTIONS
Against Property and Co-Debtor

THE STATE OF TEXAS    §
COUNTY OF BEXAR       §

BEFORE ME, the undersigned authority on this day personally appeared the affiant named below, who, after being duly sworn on his/her oath deposed and stated:

1. My name is Evelyn Garcia. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts alleged herein. I am regularly employed by Randolph Brooks Federal Credit Union. I have access to the books and records for Randolph Brooks Federal Credit Union with regard to the Debtor(s). In the course of my employment, I have become familiar with the manner and method in which Randolph Brooks Federal Credit Union maintains its books and records in its regular course of business. Those books and records were made at or near the time of the act or event or reasonably soon thereafter.

2. I have reviewed the books and records that reveal Randolph Brooks Federal Credit Union is the owner and holder of loan agreements, security agreements, and disclosure statements that are secured by the following collateral: 1999 Ford, VIN 3FENF80Z1XMA21407 and 2000 Ford, VIN 1FBSS31S2YHB41772. True and correct copies of the loan agreements, security agreements, disclosure statements, and certificates of title have been filed in this cause previously.

3. As of January 31, 2011, the payment for the 1999 Ford is past due eighteen (18) months from August 15, 2009 through January 15, 2011 in the amount of $243.83 each month plus applicable late charges and the payment for the 2000 Ford is past due eighteen (18) months from August 15, 2009 through January 15, 2011 in the amount of $219.45 each month plus applicable late charges. Further, pursuant to the terms of the contracts, Debtors and non-filing Co-Debtor agreed not to sell, lease, or give the Collateral to anyone else and promised to defend the

Collateral from third party claims. Randolph Brooks Federal Credit Union has been made aware that a third party (a claimed secured creditor of the debtor) is in possession of the collateral.

4.   Randolph Brooks Federal Credit Union has had to retain counsel to represent it before this Court and incurring legal expenses and attorney's fees for handling the Motion for Relief from Stay for which it is entitled to reimbursement.

5.   The foregoing facts are of my own personal knowledge and belief. I declare under penalty of perjury that to the best of my knowledge the foregoing facts are true and correct.

By: _____
      Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this 4th day of February, 2011.

My commission expires: 03-25-14

_____
NOTARY PUBLIC

Donna Haecker
Printed Name of Notary Public

DONNA HAECKER
Notary Public
State of Texas
My Comm. Exp. 03-25-2014